■ Simon V. Haberman, Doing Business as Orwell Management, Appellant, v John L. Hawkins, Respondent. [712 NYS2d 861] —Order, Supreme Court, New York County (Emily Goodman, J.) entered May 28, 1999, granting defendant tenant's motion to modify a prior judgment of the same court and Justice entered January 6, 1999 to reduce the amount owed to plaintiff landlord from $88,000 to $72,000, and denying plaintiff landlord's cross-motion to modify the same judgment to include an award of legal interest from April 1995, unanimously reversed, on the law, without costs, the motion denied, the original award restored and the cross-motion granted to the extent of awarding interest from April 1995.

Defendant tenant moved for treble damages solely on the basis of the overcharge, without arguing the landlord's willfulness, a requirement, in any event, effectively rebutted in the landlord's opposition. On the occasion of the judgment as well as in the order under review, the IAS Court made no finding of willfulness, a necessary predicate to an award of treble damages under the Rent and Rehabilitation Law (Administrative Code of City of NY § 26-413 [d] [2]). Since there was no finding of willfulness, there was no basis to award treble damages. Finally, the court should have awarded interest from the last date of rent arrears in April 1995 (CPLR 5001, 5004). Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.